DECISION
{¶ 1} Defendant-appellant, Kennedy Wheeler, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to plea agreements in two different cases. In appeal No. 03AP-833, appellant pled guilty to one count of aggravated burglary and one count of rape. The trial court imposed a sentence of two ten-year prison terms to be served concurrently. In appeal No. 03AP-832, appellant pled guilty to one count of burglary, one count of aggravated burglary, one count of rape and one count of receiving stolen property. The trial court sentenced appellant to consecutive ten-year terms on the first two counts and concurrent eight-year and twelve-month terms on the second two counts respectively, for a total term of 20 years in the case. The sentences imposed in the two cases were to be served consecutively to each other for an aggregate sentence of 30 years. This sentence was jointly recommended by the prosecution and defense counsel. In exchange for the plea numerous other counts and specifications were dismissed. After sentencing, appellant through counsel waived statutory notice of a sexual offender classification hearing and stipulated to his classification as a sexual predator under R.C.2950.09.
 {¶ 2} Appointed appellate counsel for appellant has filed a brief setting forth the following assignment of error:
The defendant's guilty pleas were not knowingly and voluntarily entered into and the trial court erroneously found the defendant to be a sexual predator.
 {¶ 3} Counsel's brief concedes that counsel has found no facts supporting a finding of reversible error in the trial court's proceedings, but that pursuant to the holding in Andersv. California (1967), 386 U.S. 738, 87 S.Ct. 1396, this court is invited to examine the record to determine whether appellant's guilty pleas and sexual predator determination were made in compliance with Crim.R. 11(C) and appellant's constitutional rights.
 {¶ 4} In addition, appellant has filed a pro se brief setting forth the following assignment of error:
The defendant['s] guilty plea[s] were not knowingly, Intelligently, and voluntarily enter[ed], and [the] Trial Court erroneously found the defendant to be a sexual predator.
 {¶ 5} The two briefs present similar issues concerning the voluntariness of appellant's plea and the trial court's subsequent determination that he should be adjudicated a sexual predator. These two phases of the proceedings before the trial court raise different issues and will be discussed separately.
 {¶ 6} Under Crim.R. 11(C), the trial court, in accepting a guilty plea and providing appropriate constitutional protections to a criminal defendant, must address the defendant personally and determine that he is making the plea voluntarily, that he understands the nature of the charges and the effect of his plea, and that he is waiving certain constitutional rights:
(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 7} Our determination of whether a guilty plea is knowing, intelligent, and voluntary is based upon a review of the record, particularly the transcript of the plea hearing. State v.Spates (1992), 64 Ohio St.3d 269.
 {¶ 8} The transcript of the plea hearing in the present case simply reveals full and thorough compliance with the dictates of Crim.R. 11 and attendant case law in the colloquy between the court and appellant. The prosecutor outlined the plea bargain, detailed the offenses with which appellant was charged and those he would plead guilty to, and the potential sentences for each offense as detailed on the plea forms signed by appellant. The court also explained the charges against appellant and set forth the 30-year aggregate sentence jointly recommended by defense counsel and the prosecution. While the court did not fully develop each element of all the charges to which appellant would plead guilty, the court asked appellant if he needed the charges explained to him, and appellant indicated that he understood, did not require the court to explain the charges, and that he had thoroughly discussed the charges with his attorney. The court set forth at length the constitutional rights he was foregoing by entering his pleas, asking appellant at each phase whether appellant understood the rights he was giving and the potential sentence to be imposed. Trial counsel for appellant stated on the record that appellant was normally and intelligently involved in his defense.
 {¶ 9} The totality of the circumstances reflected in the transcript fully indicate that appellant's plea was made knowingly, intelligently and voluntarily, and in compliance with all procedural safeguards of his constitutional rights. To the extent that the assignments of error in both counsel's Anders
brief and appellant's pro se brief assert error at the plea hearing and sentencing, the assignments of error are overruled.
 {¶ 10} A separate issue is presented by the sexual predator adjudication in the present case. At the sentencing hearing, counsel for appellant stated on the record, "we will waive notice of sexual predator hearing and stipulate to the sexual predator classification." (Tr. 36-37.) The court accordingly noted for the record that the advance notice to the parties of the sexual predator hearing, mandated by R.C. 2950.09(B)(2), was waived. The trial court then made a finding, without further analysis or explanation, that appellant would be adjudicated a sexual predator. Appellant now asserts on appeal that the court should have conducted an inquiry or colloquy with appellant to determine that the stipulation by appellant to this determination was knowing, voluntary, and intelligent. Appellant also points out that the plea and sentencing hearing was not scheduled in advance but rather was initiated by agreement of the parties during a hearing scheduled for other purposes in the case, and that appellant therefore had no prior notice of the sexual offender classification hearing. The lack of notice, the waiver of the notice requirement, and the circumstances of the stipulation are thus at issue here.
 {¶ 11} The notice requirement for sexual offender classification hearings is mandatory. State v. Gowdy (1999),88 Ohio St.3d 387, 398. Failure to provide such notice is reversible error. Id. "[T]he notice provision of R.C. 2950.09(B)(1) demands strict compliance. To hold otherwise would make the hearing perfunctory in nature and would deny defendant the rights guaranteed him under the statute." Id. However, because sexual offender classification hearings are civil in nature, State v.Cook (1998), 83 Ohio St.3d 404, our review of unobjected error is conducted under a civil plain error standard and reversal will only be resorted to in those rare cases involving exceptional circumstances where error seriously affects "`the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" Gowdy, at 398, quoting Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 12} This court has taken note of the fact that the Supreme Court in Gowdy declined to state that failure to give notice of the sexual offender classification hearing would constitute reversible error under all circumstances. We accordingly have conducted our review of waiver-of-notice cases with a strict eye to the civil plain errorr standard. State v. McFadden, Franklin App. No. 01AP-1476, 2003-Ohio-5027. As we did in McFadden, we must note in the present case that, even if appellant's waiver of the notice requirement were challenged, the facts of the case do not substantiate any error resulting from the lack of notice. The facts of the offenses to which appellant pled, including the use of a handgun and some application of force to the victim, in conjunction with appellant's prior conviction for rape, support his classification as a "person likely to engage in the future in * * * sexual offenses," the definition under R.C. 2950.01(E) of a sexual predator. Neither counsel's brief on appeal nor appellant's pro se brief set forth circumstances that militate against classification as a predator under the factors set forth in R.C. 2950.09(B)(3).
 {¶ 13} Turning to the effect and validity of the stipulation to predator classification, counsel's Anders brief reasonably questions, while conceding a lack of binding authority, whether a defendant can stipulate to the sexual predator determination without the court engaging in some colloquy with the defendant comparable to that required by Crim.R. 11 in order to determine whether the stipulation to predator status is, in essence, knowing, voluntary, and intelligent. Neither counsel nor appellant's pro se brief question the legal effect of the stipulation itself, a question that warrants attention but has not been sufficiently raised and briefed to form the basis for a decision in this case.[1]
 {¶ 14} Because the Supreme Court has so definitively stated in Cook that sexual offender classification proceedings are civil, the application of a criminal-plea standard of inquiry on the part of the trial court before accepting such a stipulation is not without problems.
 {¶ 15} On the one hand, because of the magnitude of the interests at issue, in the past this court has with respect to other aspects of sexual offender classification proceedings found reason not to adhere to strict civil standards: "[B]ecause predator proceedings necessarily arise in the context of an antecedent criminal conviction, and are largely concerned with an assessment of past criminal conduct by a defendant and his potential for future criminal conduct, we have been reluctant to abandon entirely the due process notions and concomitant procedural safeguards inherent in criminal proceedings." Statev. Morrison (Sept. 20, 2001), Franklin App. No. 01AP-66. In this vein, at least one Ohio court has applied a "knowing, voluntary, and intelligent" standard when assessing the validity of a defendant's stipulation to sexual predator classification, albeit without developed reasoning or basis to support the applicability of this standard. State v. Cate, Cuyahoga App. No. 82985, 2004-Ohio-1107. Similarly, the Eleventh Appellate District has held that "a trial court should take the necessary steps to ensure that a person who stipulates to a sexual predator classification is doing so with the necessary information to make a reasoned decision." State v. Thompson, Lake App. 2001-L-070, 2002-Ohio-6704. While in that case the appellate court affirmed the predator classification made pursuant to a stipulation, it did so because the trial court, after noting the stipulation, independently reviewed the record before it and found by clear and convincing evidence that appellant should be classified a sexual predator under the statutorily enumerated factors as applied to the defendant.
 {¶ 16} The present case raises similar concerns about the timing of the stipulation, the opportunity to assess its consequences, and the lack of an adequate colloquy between the court and the defendant. Nonetheless, while we acknowledge the concerns and reasoning expressed by courts that have found reason to prefer some form of inquiry prior to accepting stipulation to sexual predator classification, the above authority is insufficient to allow us to abandon the straightforward directive in State v. Cook that sexual offender proceedings be considered civil in nature. We accordingly find that we do not have the latitude to impose criminal plea requirements upon a sexual offender classification process, at least not to the extent of interjecting the strict requirement of a colloquy between the court and offender prior to accepting a stipulation in an R.C.2950.09 hearing. While some form of inquiry is no doubt preferable, we cannot find that it is mandated, and thus we find no reversible error in this case.
 {¶ 17} In accordance with the foregoing, the assignments of error in appellant's counsel's brief and appellant's pro se brief are overruled. The judgment of conviction and sentence entered by the trial court, and the adjudication of appellant as a sexual predator, are affirmed.
Judgment affirmed.
 Lazarus, P.J., and Bowman, J., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Because R.C. 2950.09(B)(4) requires the court to review the evidence and apply the enumerated statutory factors of R.C.2950.09(B)(3) before making a determination by clear and convincing evidence that the offender should be determined to be a sexual predator, it might be questioned whether the parties by stipulation could relieve the court of this statutory responsibility. Such a stipulation would be clearly distinguishable from the more typical and less problematic procedure in R.C. 2950.09 proceedings in which the offender stipulates the facts of his case, and the trial court then undertakes an independent review of R.C. 2950.09(B)(3) factors. In the case of a bare stipulation to predator classification, without further inquiry by the trial court, at least one appellate court has reversed on the basis that the parties could not stipulate to a legal conclusion that was statutorily incumbent upon the trial court to make: State v. McKinniss,
Crawford App. No. 3-2000-23, 2001-Ohio-2346.