OPINION
{¶ 1} Defendant-appellant, Domonick L. Pitts, appeals from a denial of his second pro se motion to withdraw his guilty plea to attempted burglary. For the reasons that follow, we affirm.
 {¶ 2} By indictment filed in case No. 03CR-02-1244, appellant was charged with one count of burglary, a second degree felony. In a separate indictment filed in case No. 03CR-04-2795, appellant was charged with one count of attempted burglary, a third degree felony. Pursuant to a plea agreement, appellant pled guilty to attempted burglary as charged in No. 03CR-04-2795. In exchange, appellant's burglary charge was reduced to a third degree felony in case No. 03CR-02-1244. (Plea Hearing Tr., at 2.) The trial court found appellant guilty of the charges to which he pled guilty. Thereafter, the trial court sentenced appellant to an aggregate sentence of six years of imprisonment.
 {¶ 3} Appellant then filed a pro se motion to withdraw his guilty plea for attempted burglary in case No. 03CR-04-2795. The trial court denied this first motion. From this judgment, appellant did not appeal.
 {¶ 4} Appellant subsequently filed a second pro se motion to withdraw his guilty plea on the charge of attempted burglary. On August 23, 2004, the trial court denied appellant's second motion. Appellant now appeals from this judgment.
 {¶ 5} Appellant assigns a single error for our consideration:
The trial court erred in failing to grant the motion of Domonick L. Pitts to set aside his guilty plea.
 {¶ 6} A motion to withdraw a post-sentence guilty plea is only granted to correct a "manifest injustice." State v. Blatnick (1984),17 Ohio App.3d 201, 202; see, also, Crim.R. 32.1. "Manifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process." State v. Williams, Franklin App. No. 03AP-1214, 2004-Ohio-6123, at ¶ 5, appeal not allowed, 105 Ohio St.3d 1466, 2005-Ohio-1024, citingState v. Hall, Franklin App. No. 03AP-433, 2003-Ohio-6939, at ¶ 12.
 {¶ 7} A Crim.R. 32.1 motion "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. Consequently, our review is limited to determining whether the trial court abused its discretion. Blatnik, at 202. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 8} In his sole assignment of error, appellant claims that he did not commit an attempted burglary. Rather, appellant contends he merely witnessed the crime for which he was sentenced. Appellant argues that being forced to serve a two-year prison sentence for a crime that he did not commit constitutes a manifest injustice. To support his contention, appellant essentially argues that his plea was not made knowingly, intelligently or voluntarily.
 {¶ 9} A criminal defendant's guilty plea must be made "knowingly, intelligently and voluntarily." State v. Engle (1996), 74 Ohio St.3d 525,527. "Failure on any of these points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. Crim.R. 11 requires the trial court to inform felony defendants of various constitutional and nonconstitutional rights prior to entering a guilty plea. State v. Griggs, 103 Ohio St.3d 85,2004-Ohio-4415, at ¶ 6. Specifically, Crim.R. 11(C)(2) states that a court shall not accept a guilty plea in a felony case without first addressing the defendant and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
Crim.R. 11 "ensures that defendants enter pleas with knowledge of rights that they would forego and creates a record by which appellate courts can determine whether pleas are entered voluntarily." Griggs, at ¶ 11.
 {¶ 10} Although strict compliance with Crim.R. 11 is preferred, a guilty plea is knowingly, intelligently and voluntarily made so long as the trial court substantially complies with Crim.R. 11. State v. Nero
(1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. Determining whether a defendant knowingly, intelligently and voluntarily entered a guilty plea requires a review of the record, particularly the transcript of the plea hearing. State v. Wheeler, Franklin App. No. 03AP-832, 2004-Ohio-4891, at ¶ 7.
 {¶ 11} In the present case, the transcript of the plea hearing reveals that the trial court complied with Crim.R. 11. The trial court determined that appellant understood the penalties involved, the nature of the charges, and that he entered his plea voluntarily. (Plea Hearing Tr., at 3-4, 7.) The trial court informed appellant of the rights he was waiving. (Plea Hearing Tr., at 3-4, 6.) Appellant also acknowledged that his attorney discussed the potential consequences of entering a guilty plea and explained the rights he was waiving. (Plea Hearing Tr., at 2.)
 {¶ 12} Furthermore, appellant entered his guilty plea to the charge of attempted burglary in order to have the burglary charge reduced from a second degree felony to a third degree felony. Appellant's former counsel testified that appellant pled guilty to attempted burglary as part of a "package deal" so that the burglary charge could be reduced. (Motion to Withdraw Plea Hearing Tr., at 16.)
 {¶ 13} Before sentencing appellant, the trial court provided appellant an opportunity to address the court. Appellant stated, "I would like to say sorry for everything I've done. * * * If I could do anything to prevent what happened, I would. I'm sorry. I ask for mercy." (Sentencing Hearing Tr., at 3.) Under the totality of circumstances, we find the record supports a determination that appellant knowingly, intelligently and voluntarily pled guilty to the charge of attempted burglary. SeeState v. Toops (Aug. 16, 2001), Franklin App. No. 00AP-1451.
 {¶ 14} Based on our review, we conclude that the trial court did not abuse its discretion by denying appellant's second Crim.R. 32.1 motion. Appellant's sole assignment of error is overruled. Therefore, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Christley, JJ., concur.
Christley, J., retired of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.