DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Kevin Bowens, appeals from the judgment of the Summit County Court of Common Pleas finding him guilty of two counts of rape and three counts of gross sexual imposition and classifying him as a sexual predator. We affirm.
 I. {¶ 2} Appellant was indicted for one count of gross sexual imposition for acts committed against his niece on May 16, 2002, when she was 13 years old. Appellant was also indicted for two counts of gross sexual imposition, in violation of R.C.2907.05(A)(1), a fourth-degree felony, and two counts of rape, in violation of R.C. 2907.02(A)(2), a first-degree felony, for acts committed against the same victim at Appellant's house on June 21, 2004, when the victim was 15 years old. In January, 2005, the victim reported the incidents to her mother, Appellant's sister, who contacted the police.
 {¶ 3} On June 14, 2005, the victim, at the direction of a police detective, telephoned Appellant at Appellant's workplace, confronting him about the incidents and requesting an apology. The call was tape recorded and the police detective and the victim's mother were in the room with the victim when she placed the call. The police detective passed notes to the victim throughout the conversation advising her to make certain statements and to ask certain questions, in an effort to elicit incriminating statements from Appellant. After the victim had spoken with Appellant for about thirty minutes, the victim's mother took over the telephone and confronted Appellant herself. Appellant was later arrested and indicted for rape and gross sexual imposition. Appellant filed a motion to suppress and motion in limine to prevent introduction of evidence regarding certain past instances of sexual misconduct and the contents of the telephone conversation. An evidentiary hearing was held and the motion to suppress and motion in limine were granted as to the prior misconduct evidence — including certain statements made on the telephone recording — but denied as to the telephone conversation as a whole. Portions of the recording that referred to the prior instances of misconduct were redacted from the tape, and the edited version was played at trial. A jury convicted Appellant on all counts and Appellant was sentenced to five years in prison for each rape charge and eighteen months for each gross sexual imposition charge, with the terms to be served concurrently. Appellant was not informed when the sentencing hearing was initially scheduled that a sexual offender classification hearing would be held at the same time; however, a copy of a journal entry stating the time for the hearing was sent to Appellant's attorney. After sentencing, Appellant waived the sexual offender classification hearing and stipulated to the classification of sexual predator. Appellant timely appeals both his conviction and the sexual predator classification, raising four assignments of error.
 II. A. First Assignment of Error
"THE TRIAL COURT'S DECISION AND ENTRY DENYING THE APPELLANT'S MOTION TO SUPPRESS ONE-WAY TELEPHONE CONVERSATION BASED ON MIRANDA VIOLATIONS BY THE POLICE OFFICERS IS FACTUALLY AND LEGALLY INCORRECT, AND, ACCORDINGLY, DENIES APPELLANT'S RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS THE STATE OF OHIO CONSTITUTION."
 {¶ 4} Appellant first contends that the trial court's journal entry partially denying the motion to suppress was based on incorrect facts. When reviewing a motion to suppress, we are "bound to accept the trial court's findings of fact [which] are supported by competent, credible evidence." State v. Guysinger
(1993), 86 Ohio App.3d 592, 594. Furthermore, where an appellant challenges the findings of fact made pursuant to an evidentiary hearing but fails to provide the court with a transcript of the hearing, the court must presume that the trial court had sufficient evidence to support its findings. State v. Morlock,
9th Dist. No. 22840, 2006-Ohio-1043, at ¶ 11, quoting State v.McCowan, 9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6. Appellant has not filed a transcript of the evidentiary hearing on the motion to suppress. We must therefore presume that the trial court based its ruling on the motion on accurate findings of fact.
 {¶ 5} Appellant further argues that the telephone conversation with the victim and her mother amounted to a custodial police interrogation, because the call was made at the direction of a police detective and the detective told the victim and her mother what to say on the phone to elicit a confession. Because he was not advised of his Miranda rights prior to the conversation, Appellant argues, the recorded telephone conversation should not have been admitted into evidence.
 {¶ 6} A defendant must be given Miranda warnings prior to any custodial interrogation. Miranda v. Arizona (1966),384 U.S. 436, 444. Appellant suggests that a custodial interrogation is defined as any action "that the [questioning] officers should know are reasonably likely to induce an incriminating response from the suspect." State v. Williams (1983), 6 Ohio St.3d 281, at paragraph five of the syllabus; Rhode Island v. Innis
(1980), 446 U.S. 291, 301. A careful reading of Innis andWilliams, however, shows that this is only the legal definition of the word interrogation. Even though statements made by a police officer to a suspect may constitute an interrogation, the interrogation is not custodial if a reasonable person in the suspect's position would believe that he was free to leave.State v. Gumm (1995), 73 Ohio St.3d 413, 429, quoting UnitedStates. v. Mendenhall (1980), 446 U.S. 544, 554. In the present case, the statements made by the victim in a recorded phone conversation at a police officer's direction may have been interrogations, but a reasonable person in Appellant's position would have felt free to end the conversation where the dialogue with the victim was over the telephone, Appellant was in his own cubicle at work, and there were no police officers in Appellant's physical presence. Because Appellant was not in custody, the police detective was not required to give Appellant Miranda
warnings. The motion to suppress the contents of the phone conversation was properly denied, and the first assignment of error is overruled.
 B. Second Assignment of Error
"EACH OF THE CONVICTIONS RETURNED AGAINST THE APPELLANT MUST BE REVERSED BECAUSE EACH IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} Appellant next argues that his convictions are against the manifest weight of the evidence. Manifest weight is a question of fact. State v. Thompkins (1997), 78 Ohio St.3d 380,387. If the trial court's judgment was against the manifest weight of the evidence, then an appellate panel may reverse the trial court. Id. In the special case of a jury verdict, however, the panel must be unanimous in order to reverse. Id. at paragraph four of the syllabus, citing Sec. 3(B)(3), Art. IV, Ohio Constitution. Because reversal on manifest weight grounds is not a question of law, it is not an acquittal but instead is akin to a deadlocked jury from which retrial is allowed. Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42. Under this construct, the appellate panel "sits as [the] `thirteenth juror' and disagrees with the jury's resolution of the conflicting testimony[,]" finding that the State has failed its burden of persuasion. Id.
 {¶ 8} In a manifest weight analysis, an appellate court essentially undertakes a three-step, sequential inquiry: (1) whether the State's account was believable based upon the evidence; (2) and if so, whether it was more believable than the defendant's version of the evidence; (3) but if not, whether the State's case was so unbelievable or unpersuasive as to undermine the integrity of the jury's finding of guilt and cause one to question whether justice was done. See State v. Getsy (1998),84 Ohio St.3d 180, 193. Obviously, "[a] conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Urbin,148 Ohio App.3d 293, 2002-Ohio-3410, at ¶ 26. "A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial." Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). An appellate court may not merely substitute its view for that of the jury, however, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Emphasis added.) Id. at 387. See, also, id at 390 (Cook, J., concurring) (stating that the "special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact"). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387. A court "will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other." State v. Lee,158 Ohio App.3d 129, 2004-Ohio-3946, at ¶ 15.
 {¶ 9} Based on a review of the trial transcript, the Court finds it reasonable that the jury could have believed the evidence proffered by the State. The victim testified that on May 16, 2002, Appellant pulled down her pants and gave her a "birthday spanking" and that on June 21, 2004, he touched her breasts and genitals and penetrated her digitally and with his tongue. The victim also testified that Appellant physically restrained her on both occasions. The victim's mother recalled that the victim seemed highly distressed on those occasions and also noticed that Appellant paid special attention to the victim thereafter, giving her gifts and money more frequently than his other nieces and nephews. In light of this evidence, the second assignment of error is overruled.
 C. Third Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION TO DETERMINE THE APPELLANT TO BE A SEXUAL PREDATOR WHEN DEFENDANT WAS NEVER GIVEN NOTICE OF THE HEARING AS REQUIRED BY THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION, OHIO CONSTITUTION, AND/OR OHIO REVISED CODE § 2950.09."
 {¶ 10} Appellant contends that he did not receive proper advance notice of the sexual offender classification hearing, which was scheduled for the same time as the sentencing hearing. The trial judge advised Appellant and his attorney of the date and time of the sentencing hearing immediately after the jury returned its verdict, but did not mention the sexual offender classification hearing at that time. The trial court did, however, send a copy of a journal entry to Appellant's attorney stating that the sexual offender classification hearing would be held at the same time as the sentencing hearing.
 {¶ 11} Where notice of a sexual offender hearing is sent to the attorney but not the client, the notice is generally valid. See e.g. State v. McKinniss (Mar. 21, 2001), 3d Dist. No. 3-2000-23 at *2; State v. Smith (Dec. 29, 2000), 3d Dist. No. 3-2000-20, 2000-Ohio-1810 at *1; State v. Starner, 5th Dist. No. CT05-0033, 2006-Ohio-2204, at ¶ 32. Appellant argues on the basis of McKinniss that where notice is given only to the attorney, the record must indicate facts showing that the defendant had an adequate opportunity to prepare a case for the hearing, or else the notice is insufficient.
 {¶ 12} In McKinniss, the court reversed a finding that the defendant was a sexual predator, where the defendant stipulated to a sexual predator classification after waiving a hearing. The court stated, "We must * * * presume that counsel performed competently by notifying and consulting with McKinniss about the defense of the claims against him." McKinniss at *2.
 {¶ 13} Likewise, we must presume, absent evidence to the contrary, that Appellant's attorney properly notified Appellant of the hearing. On the day of the hearing, Appellant's attorney stated that he had advised Appellant of his right to a hearing and of the implications of a sexual predator classification. Appellant indicated when asked that his attorney had, in fact, so advised him. Appellant did not contest the sufficiency of his notice or request a continuance to allow enough time to meet with his attorney and prepare a case. He simply waived the right to a hearing and stipulated to a sexual predator classification, which he was entitled to do. State v. Davidson, 5th Dist. No. 2001CA00386, 2002-Ohio-2887, at *4. Appellant's third assignment of error is accordingly overruled.
 D. Fourth Assignment of Error
"THE APPELLANT'S STIPULATION TO A SEXUAL PREDATOR CLASSIFICATION WAS NEITHER KNOWINGLY, VOLUNTARILY [N]OR INTELLIGENTLY MADE[,] NOR DID THE COURT ENUNCIATE ANY SPECIFIC FINDINGS UNDER OHIO REVISED CODE § 2950.09 TO SUPPORT ANY STIPULATION AND, THEREFORE, THE CLASSIFICATION SHOULD BE VACATED AND REMANDED FOR A NEW HEARING."
 {¶ 14} Appellant again cites McKinniss for the proposition that R.C. 2950.09 requires a trial judge to recite on the record the facts supporting a sexual predator classification, even if the defendant stipulates to the classification. McKinniss at *2. Appellant further asserts that he did not stipulate to the sexual predator classification knowingly, voluntarily, and intelligently, although Appellant does not cite any facts to support that proposition.
 {¶ 15} In any case, we are not persuaded that R.C. 2950.09
requires the trial court to articulate the basis for classifying a defendant as a sexual predator where the defendant stipulates to that classification and waives a hearing. Davidson, at *4. So long as public policy is not violated, an individual may generally waive any right, "whether secured by contract, conferred by statute, or guaranteed by the Constitution," including the right to a hearing on one's sexual predator status. Id., quoting State ex rel. Hess v. Akron (1937),132 Ohio St. 305, 307.
 {¶ 16} Nor are we convinced that the trial court must engage in a colloquy with a defendant who stipulates to a sexual predator classification and make a finding that the stipulation was made knowingly, voluntarily, and intelligently, as would be the case for a criminal guilty plea. A sexual predator classification hearing is civil in nature, not criminal, and "we do not have the latitude to impose criminal plea requirements upon a sexual offender classification process." State v.Wheeler, 10th Dist. No. 03AP-832 and 03AP-833, 2004-Ohio-4891, at ¶ 16. Appellant's fourth assignment of error is overruled.
 III. {¶ 17} Appellant's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. concur.