OPINION
{¶ 1} Defendant-appellant, Mark Evans, appeals from a judgment of the Franklin County Court of Common Pleas classifying him as a sexual-predator pursuant to R.C. 2590.09. For the following reasons, we affirm.
 {¶ 2} On July 03, 2003, appellant was indicted on ten counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05. These charges stemmed from the claim of a six-year-old girl that appellant had sexual contact with her. *Page 2 
 {¶ 3} On January 12, 2004, appellant entered a plea of guilty to five counts of gross sexual imposition, felonies of the fourth degree. The trial court accepted appellant's plea, entered a nolle prosequi for the remaining counts, and ordered a pre-sentence investigation ("PSI"). After several continuances, a hearing was held on March 26, 2004, for the dual purpose of sentencing appellant and determining whether he was a sexual-predator. The only evidence submitted during this portion of the proceeding was the state's recounting of the facts underlying the offenses and the PSI.
 {¶ 4} According to the PSI, appellant's mother was the victim's daycare provider since she was three months old, and, on occasion, appellant supervised the children left in her charge. The victim, while taking a bath, complained to her mother about a scratch in her vaginal area. When asked by her mother if anyone had touched her in that area to cause the scratch, the victim (now age six) said no, but that appellant "used to" touch her vaginal area with his fingers, and that she had seen his "ugly," meaning, appellant's penis. Appellant initially denied the allegations, but, in a subsequent police interview, he admitted to having been sexually aroused by the victim and masturbating in front of her, as well as having touched her vagina. The PSI also indicated that appellant recanted his previous statements, and, despite his guilty plea, asserted that he never touched the victim inappropriately.
 {¶ 5} In adjudicating appellant a sexual-predator, the trial court stated:
 Court is going to admit the PSI into evidence. I'm also going to incorporate the statements that were made during the plea into this hearing.
 When the Court considers the factors that I'm supposed to take into consideration per the statute, this Defendant is 44 *Page 3 
years old. He's got prior convictions, one of those being a felony that he was in prison for.
 This victim was a child 4 to 6 years old, and he was in a position of trust, basically in loco parentis. This is like you're a parent when you're in this kind of a position because the parents entrust the child to your care. They entrusted this child to his mother, and apparently everybody as far as I can tell from what I have read knew that the mother had to leave, and there was an interval where he was left alone with a number of children before their parents picked them up in the evening. This is almost a sacred trust.
 So for all of those reasons this Court is convinced by the requisite standard that this Defendant fits the statutory label of sexual-predator, and when he is finally released from the institution he will need to report as such.
 Now, as far as sentencing is there anything further from the State?
(Tr. 6-7.) After adjudicating appellant a sexual-predator, the trial court sentenced appellant to a consecutive term of 17 months of actual incarceration on each count. The trial court journalized its entry on March 30, 2004.
 {¶ 6} On July 30, 2007, appellant filed a motion for leave to file a delayed appeal from the March 30, 2004, judgment, as well as a motion for appointment of counsel. Because appellant had not been served notice of the trial court's judgment within the three-day time period provided for in Civ. R. 58(B), this court, in a memorandum decision dated September 27, 2007, found that appellant's time to file an appeal pursuant to App. R. 4(A) had not yet begun to run. Accordingly, we granted appellant's motion for appointment of counsel, and ordered his case to proceed as a timely filed appeal.
 {¶ 7} On appeal, appellant brings the following three assignments of error for our review: *Page 4 
 ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED WHEN IT FAILED TO PROVIDE THE MANDATORY NOTICE OF THE SEXUAL-PREDATOR HEARING AS REQUIRED BY LAW. THIS IS PLAIN ERROR AND GROUNDS TO VACATE A SEXUAL-PREDATOR FINDING.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL-PREDATOR WHEN THE STATE DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE AFTER HIS RELEASE FROM PRISON.
 ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED WHEN IT RELIED UPON ITS OWN PERSONAL CONVICTION THAT THE DEFENDANT WAS A PEDOPHILE WHO COULD NOT BE CURED WHEN NO EXPERT TESTIMONY HAD BEEN PRESENTED TO SUPPORT SUCH A FINDING.
 {¶ 8} Appellant argues in his first assignment of error that he was not provided notice of the sexual-predator hearing as required by R.C. 2950.09(B)(1), and there is no evidence that his trial attorney consulted with him prior to making the decision to go forward with the hearing despite the absence of formal notice. Appellant maintains the trial court should have conducted an inquiry or colloquy with him to determine that he understood the nature and consequences of the rights he was waiving, but it failed to do so. Thus, according to appellant, there is nothing in the record to suggest that he knowingly and voluntarily waived his right to statutory notice, and, as a result, a new hearing is required. For the following reasons, we disagree. *Page 5 
 {¶ 9} The notice requirement for sexual offender classification hearings is mandatory. State v. Gowdy (1999), 88 Ohio St.3d 387, 398. Failure to provide such notice is reversible error. Id. "The notice provision of R.C. 2950.09(B)(1) demands strict compliance. To hold otherwise would make the hearing perfunctory in nature and would deny defendant the rights guaranteed him under the statute." Id. This court, however, has taken note of the fact that the Supreme Court of Ohio inGowdy declined to state that failure to give notice of the sexual offender classification hearing would constitute reversible error under all circumstances. State v. Wheeler, Franklin App. No. 03AP-832,2004-Ohio-4891, at ¶ 12, citing State v. McFadden, Franklin App. No. 01AP-1476, 2003-Ohio-5027. To that end, because sexual offender classification hearings are civil in nature, State v. Cook (1998),83 Ohio St.3d 404, our review of unobjected error is conducted under a civil plain error standard, and reversal will only be resorted to in those rare cases involving exceptional circumstances where error seriously affects "`the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" Gowdy, at 398, quotingGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 10} In this case, appellant is correct in his assertion that he did not receive formal notice of the hearing as required by R.C. 2950.09(B)(1). When appellant's counsel raised this issue at the hearing, the following exchange took place:
 Mr. Cooper: Your Honor, for the record I would object to the hearing. One, we were never noticed of the sexual-predator hearing prior which I believe-
 The Court: Mr. Cooper, if you want to postpone this hearing until you can be prepared for that, you ask for that postponement. *Page 6 
 Mr. Cooper: Your Honor, I'm not going to. This case has been delayed because of me. I had a death in the family, so the case was continued, and I think Mr. Evans desires to move forward with disposition.
 The Court: That's fine if you're withdrawing your objection to notice. This court has held these hearings before sentencing for as long as this bill has been in effect, and if you weren't noticed of it you have my apologies. If you need notice and you want time to prepare, I will give it to you. If your objection is simply to form as to notice, then withdraw it. It's one or the other.
 Mr. Cooper: I will withdraw my objection to not having notice of the hearing, but that is procedurally how I thought it occurred. But I'm prepared to go forward, Your Honor. (Tr. 4-5.)
 {¶ 11} Although appellant asserts on appeal that his trial attorney did not consult with him prior to withdrawing the objection, appellant did not protest when his counsel did so, nor did he protest when his attorney stated that he was prepared to go forward and that appellant himself wished to proceed. The record does not suggest that appellant was surprised or confused when the court proceeded to hold the hearing, and, when appellant spoke, he did not indicate any objection to the same. Given appellant's actions and inactions, we do not find any error resulted from the lack of notice. See, e.g, State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566 (prejudice did not result from lack of notice when defendant expressed no surprise or confusion at the beginning of the hearing, was represented by counsel, and presented argument as to the relevant factors for the court's determination). Moreover, appellant's brief is void of any arguments that could have been raised had notice of the hearing given his trial counsel more time to prepare. McFadden, supra, at ¶ 7. *Page 7 
 {¶ 12} We also reject appellant's contention that the trial court should have questioned him regarding whether he knowingly and voluntarily waived his right to notice, as there is simply no requirement that it must do so. See, e.g., State v. Bowens, Summit App. No. 22896, 2006-Ohio-4721, at ¶ 16 ("Nor are we convinced that the trial court must engage in a colloquy with a defendant who stipulates to a sexual-predator classification and make a finding that the stipulation was made knowingly, voluntarily, and intelligently, as would be the case for a criminal guilty plea."); Wheeler, supra, at ¶ 16 ("We accordingly find that we do not have the latitude to impose criminal plea requirements upon a sexual offender classification process, at least not to the extent of interjecting the strict requirement of a colloquy between the court and offender prior to accepting a stipulation in an R.C. 2950.09 hearing.").
 {¶ 13} Based on the foregoing, we find that appellant has failed to demonstrate any prejudice from the lack of formal notice of the hearing, and, therefore, we decline to find the existence of error in this case. Accordingly, appellant's first assignment or error is overruled.
 {¶ 14} We shall address appellant's second and third assignments of error together as they are interrelated. In his second assignment of error, appellant argues that the state failed to introduce sufficient clear and convincing evidence showing that he is likely to commit another sexually-oriented offense, the trial court erred in classifying him as a sexual-predator. Appellant's third assignment of error alleges that the trial court's erroneous belief that he was a pedophile demonstrated bias and constitutes reversible error because such belief improperly served as the basis for adjudicating appellant a sexual-predator. *Page 8 
 {¶ 15} R.C. Chapter 2950 defines three classifications of sex offenders: sexually-oriented offenders, habitual sexual offenders, and sexual-predators. Relevant to the matter at hand is the classification of appellant to be a sexual-predator. In order for an offender to be designated a sexual-predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses. R.C. 2950.01(E);State v. Williams (2000), 88 Ohio St.3d 513, 518-519.
 {¶ 16} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v.Ledford (1954), 161 Ohio St. 469, 477. An appellate court reviewing a finding that a defendant is a sexual-predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Abdullah, Franklin App. No. 05AP-1316, 2006-Ohio-5412, at ¶ 39, citing State v.Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 90, citingState v. Keffe (Sept. 21, 2000), Franklin App. No. 00AP-118.
 {¶ 17} As previously stated, sex-offender classification proceedings under R.C. 2950.09 are civil in nature. State v. Wilson,113 Ohio St.3d 382, 390, 2007-Ohio-2202. Therefore, "a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible *Page 9 
evidence." Id. Under this standard, a reviewing court has an obligation to presume that the findings of the trier of fact are correct. Id. at 387, citing Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80-81.
 {¶ 18} In making a sexual-predator determination, the trial court must consider "all relevant factors, including, but not limited to," the factors enumerated in R.C. 2950.09(B)(3). State v. Eppinger (2001),91 Ohio St.3d 158. The factors contained in R.C. 2950.09(B)(3) are:
 (a) The offender's or delinquent child's age;
 (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender or delinquent child; *Page 10 
 (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 19} No requisite number of factors must be applicable before finding a defendant to be a sexual-predator, and the trial court may place as much or as little weight on any of the factors as it deems to be relevant. State v. Jackson, Franklin App. No. 05AP-101,2005-Ohio-5094, at ¶ 32, citing State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184. See, also, State v. Hill, Franklin App. No. 06AP-300,2006-Ohio-5524, at ¶ 6. Even one or two factors will suffice as long as the evidence of likely recidivism is clear and convincing.Jackson, at ¶ 32, citing State v. Hardie (2001), 141 Ohio App.3d 1.
 {¶ 20} In this case, the trial court primarily relied upon three factors in determining that appellant is likely to commit future sex offenses. First, because the victim was only six years old when appellant had sexual contact with her, the trial court found the victim's age indicative of appellant's likelihood to re-offend. R.C. 2950.09(B)(3)(a). Second, appellant had a criminal history, which included a felony conviction. R.C. 2950.09(B)(3)(b). And, third, appellant was in a position of authority as loco parentis. *Page 11 
R.C. 2950.09(B)(3)(h).[1] Because these considerations constitute competent, credible evidence of a clear and convincing nature that supports the conclusion that appellant is likely to commit future sex offenses, we conclude that the trial court did not err in classifying appellant as a sexual-predator.
 {¶ 21} Contrary to this conclusion, appellant argues that the state failed to meet its burden because it "relied solely upon the fact that the appellant was convicted of the underlying offenses involving a minor to prove its case. No expert testimony or statistical proof was presented on the issue of whether or not appellant was likely to reoffend." (Appellant's brief at 17.) This argument is without merit because "[n]either party to a sexual-predator classification hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so."State v. Higgins (May 22, 2000), Clermont App. No. CA99-07-068; see, also, State v. Bolyard, Summit App. No. 20801, 2002-Ohio-2203, at ¶ 24 ("Both parties must be given the opportunity to present new evidence and call and examine witnesses, but the statute does not mandate that evidence subsequent to the underlying event be presented at the sexual-predator hearing."). And, here, appellant was provided with that opportunity. *Page 12 
 {¶ 22} With respect to the trial court's pedophilia reference, appellant argues that the court erred in determining that he is likely to re-offend because there is no evidence that he suffers from pedophilia. In making this argument, appellant cites State v.Bowers (Aug. 8, 2000), Franklin App. No. 99AP-971, in which this court reversed a sexual-predator adjudication because the trial court relied solely upon the judicially-noticed "fact" that pedophiles are incurable in finding that the defendant was likely to re-offend.
 {¶ 23} In this case, the trial court stated:
 Sir, I'm convinced that you're a pedophile. I have never heard of a pedophile being cured, never even heard of it happening. I'm aware of some people who have this particular problem and that they learn to deal with it and not to act out on it, but it's something that does not change. You stand before me and even deny the behavior apparently after you gave a confession to the detectives and then walked into my courtroom and pled guilty to the behavior. So for those reasons these consecutive sentences are necessary.
(Tr. at 15.)
 {¶ 24} While the trial court did refer to appellant as a pedophile, said reference occurred during the sentencing portion of the hearing, which was after it had adjudicated appellant a sexual-predator. Therefore, the court did not predicate its sexual-predator determination upon such a "fact." We also disagree with appellant's characterization of the court's statement, and find the court's use of the word "pedophile" was nothing more than standard nomenclature, and not an indication that it was taking judicial notice of the incurable nature of pedophilia. In State v. McComas, Franklin App. No. 05AP-134,2006-Ohio-380, a case in which the trial court referred to the defendant as a pedophile while making its sexual-predator determination, we reached the same conclusion as we do herein. Id. at ¶ 14, footnote omitted ("the trial court merely concluded defendant suffers *Page 13 
from pedophilia, which in common usage describes a `paraphilia' in which children are the preferred sexual object" [quoting, Webster's Third International Dictionary (1961) 1665.] Indisputably, defendant's admitted actions fit this generic definition.). Thus, unlike the court in Bowers, it is clear from the record before us that the trial court's reference to appellant as a pedophile played no role in its classification of appellant as a sexual-predator. Consequently, the trial court's reference to pedophilia does not warrant a reversal of its determination that defendant is a sexual-predator.
 {¶ 25} Based on the foregoing, we find there was clear and convincing evidence before the trial court to support the conclusion that appellant was more likely than not to commit another sexually-oriented offense, and the trial court properly considered the factors set forth in R.C. 2950.09(B)(3) in making its determination. Accordingly, we overrule appellant's second and third assignments of error.
 {¶ 26} For the foregoing reasons, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.
[1] Additionally, we note that the trial court expressly stated that it was admitting appellant's PSI, in which appellant admitted that he had been accused of sexually molesting another minor in the past, although no formal charges were ever filed. The PSI also included a reference to a note in the prosecutor's file that suggested there may have been more victims (under the age of eight), and that one young girl reported that appellant had placed his penis in her mouth. The Supreme Court of Ohio has held that a PSI is reliable hearsay and that a trial court may rely on a PSI in making a sexual-predator determination.State v. Cook (1998), 83 Ohio St.3d 404, 425. Thus, these allegations, albeit, unsubstantiated, were also before the court, although it is not clear from the record that the trial court expressly relied upon the same in classifying appellant as a sexual-predator. *Page 1