DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas that sentenced appellant to a total of seven years and ten months imprisonment for three convictions of trafficking in cocaine, with the sentences to run consecutively, and a three-year period of post release control. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "Assignment of Error Number One
 {¶ 4} "The trial court erred to the prejudice of Mr. Harris by sentencing him to consecutive, non-minimum sentences in violation of his right to protection from Ex Post Facto sentencing and his right to due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the applicable portions of the Ohio Constitution.
 {¶ 5} "Assignment of Error Number Two
 {¶ 6} "The trial court erred to the prejudice of Mr. Harris by increasing his sentence and thus engaging in vindictive sentencing in violation of his right to due process as guaranteed under the Fifth,Sixth and Fourteenth Amendments to the United States Constitution and the Ohio Constitution."
 {¶ 7} The facts relevant to the issues raised on appeal are as follows. On February 24, 2003, appellant was indicted on three counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1). After a trial to the bench, appellant was found guilty of all three counts. On February 25, 2004, the trial court sentenced appellant to prison terms of ten months as to Count 1 of the indictment, a mandatory term of three years as to Count 2 and a mandatory term of four years as to Count 3. The sentences were ordered to be served consecutively. The record reflects that the trial court did not address the issue of appellant's mandatory post-release control in its sentencing judgment entry. *Page 3 
 {¶ 8} Appellant filed a timely appeal of his conviction and on April 15, 2005, this court affirmed the trial court. State v. Harris, 6th Dist. No. F-04-005, 2005-Ohio-1779. On May 3, 2006, the Supreme Court of Ohio reversed this court and remanded the matter to the trial court for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109.
 {¶ 9} Appellant was resentenced on June 21, 2006. The trial court imposed the same sentence as it had originally, in a manner consistent with Foster. The trial court also notified appellant that he was subject to a mandatory three-year period of post-release control. This timely appeal followed.
 {¶ 10} In support of his first assignment of error, appellant claims he was subjected to ex post facto sentencing. This is not possible, since appellant received the same sentence on remand as he did originally. Additionally, it was appellant's decision to appeal the original judgment and seek resentencing. When his case was remanded, the trial court resentenced him pursuant to Foster. We have reviewed the most recent sentencing judgment entry and find that it is in full compliance with Foster.
 {¶ 11} As to the question of appellant's post-release control, the issue of remanding a case for a new sentencing hearing in order to notify a defendant that he is subject to mandatory post-release control has been addressed at length by the Ohio Supreme Court. As noted above, when appellant was originally sentenced in 2004, the trial court did not impose the mandatory three-year term of post-release control required *Page 4 
by R.C. 2967.28(B)(2). Therefore, appellant's sentence was void. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." State v.Beasley (1984), 14 Ohio St.3d 74 at 75. Further, the Supreme Court of Ohio has held that "where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." State v. Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 20, citing State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23. Resentencing would not be an option in this case if appellant's journalized sentence had expired by the time the omission was discovered. Cruzado, ¶ 22, citing Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126. But because appellant's sentence had not been completed when he was resentenced, the trial court was authorized to correct the invalid sentence to include the appropriate mandatory term of post-release control. Cruzado, supra, at ¶ 28.
 {¶ 12} The Supreme Court further noted in Cruzado at ¶ 20 that, following its decision in Hernandez, supra, the General Assembly amended R.C. 2967.28 to address situations where the trial court imposes sentence without notifying the offender of mandatory post-release control. Of relevance to appellant herein, who was originally sentenced in February 2004, Cruzado states: "For those cases in which an offender was sentenced before the July 11, 2006 amendment and was not notified of mandatory post release control or in which there was not a statement regarding post release control in the court's journal or sentence, R.C.2929.191 authorizes the sentencing court — before the offender is released from prison — to `prepare and issue a correction to the judgment of *Page 5 
conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.'"
 {¶ 13} Appellant was sentenced before July 11, 2006. It is clear that the trial court in this case followed the procedure set forth in R.C.2929.191 and addressed in Cruzado. This argument is without merit.
 {¶ 14} Appellant also argues that the trial court erred by sentencing him to consecutive, non-minimum sentences. Our review of appellant's sentencing transcript and the judgment entry reveals no error. Pursuant to Foster,
 {¶ 15} supra, ¶ 100, trial courts now have full discretion to impose sentences within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive or greater-than-minimum sentences.
 {¶ 16} Based on the foregoing, appellant's first assignment of error is not well-taken.
 {¶ 17} In his second assignment of error, appellant asserts the trial court increased his sentence after his successful appeal, thus raising a "presumption of vindictiveness." We note, however, that the trial court did not increase appellant's sentence. Appellant was subject to a mandatory three-year period of post-release control at the time of his original sentencing. When the trial court resentenced appellant, it simply gave him notice of a condition that already existed. Appellant's argument that the trial court acted *Page 6 
vindictively has no merit whatsoever. Accordingly, his second assignment of error is not well-taken.
 {¶ 18} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., and Thomas J. Osowik, J., CONCUR. *Page 1