DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Dawn I. Hade, appeals from her felony convictions in the Ottawa County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On September 20, 2006, appellant gave birth to a baby who tested positive for cocaine. Following an investigation, appellant was indicted on three counts of drug *Page 2 
possession, violations of R.C. 2925.11(A), one count of corrupting a minor, a violation of R.C. 2925.02 (A)(4)(a), and one count of child endangering, a violation of R.C. 2919.22 (A)(4)(a). She entered guilty pleas to the drug possession charges and the charge of child endangering. She was sentenced to four and one-half years in prison. She now appeals setting forth the following assignments of error:
 {¶ 3} "I. The trial court erred in imposing a prison term upon the appellant.
 {¶ 4} "II. The trial court erred to the prejudice of the appellant in considering the appellant's pregnancy at sentencing as a factor that the appellant is likely to commit future crimes."
 {¶ 5} In sentencing appellant, the court stated that she was not amenable to community control. Appellant disputes this finding pointing out that following her indictment up until her sentencing she was engaged in counseling and had completed parenting classes. Appellant contends that her willingness to seek help shows that she would be amenable to community control. Appellant also disputes her sentence for endangering children noting that the baby suffered no physical harm other than testing positive for cocaine. Finally, appellant contends that the court erred when it considered the fact that appellant was pregnant at her sentencing to be a recidivist factor.
 {¶ 6} Following the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, "trial courts now have full discretion to impose sentences within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive or greater-than-minimum sentences." State v. Harris, *Page 3 
6th Dist. No. F-06-015, 2007-Ohio-1196, ¶ 15. In exercising its discretion, a trial court is merely required to "consider" the purposes of sentencing set forth in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12. State v. Foster, supra, at ¶ 36-42; see, also, State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38;State v. Estep, 3d Dist. No. 9-07-16, 2007-Ohio-6713, ¶ 12.
 {¶ 7} The record in this case shows that appellant has had two other children test positive for drugs at birth prior to the birth of the child at issue. In 2004, she was referred to the Erie County Family Dependency Drug Court Program where she was sent to jail twice for testing positive for marijuana and cocaine. Appellant's sentence for three fifth degree felonies and one fourth degree felony is within the statutory guidelines. We conclude that the trial court did not abuse its discretion in sentencing appellant to four and one-half years in prison. Appellant's two assignments of error are found not well-taken.
 {¶ 8} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J.
Arlene Singer, J.
William J. Skow, J.
 CONCUR. *Page 1