OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court *Page 2 
and the parties' briefs. Defendant-Appellant, Bobbie Peterson, appeals the decision of the Mahoning County Court of Common Pleas that accepted his plea of guilty to kidnapping, aggravated burglary, violation of a protection order and multiple counts of rape and stipulation that he was a sexual predator. Peterson argues that the trial court erred by not ensuring that his stipulation to being a sexual predator was knowing, voluntary, and intelligent, and by making such classification without clear and convincing evidence to support it. The State disagrees and argues that the issue is moot.
 {¶ 2} Peterson's assignment of error is meritless. Ohio's version of the Adam Walsh Act requires original and retroactive classification into a sexual predator tier based upon the crime committed thereby eliminating the need for a hearing. And because sexual predator classification is civil in nature, the consequences of the classification cannot be a mandatory part of a Crim.R 11 sentencing colloquy. Accordingly, the judgment of the trial court is affirmed.
 Facts {¶ 3} On April 14, 2005, Peterson was indicted by the Mahoning County Grand Jury. The indictment contained one count of kidnapping in violation of R.C. 2905.01(A)(4)(C), a first degree felony; two counts of aggravated burglary in violation of R.C. 2911(A)(2), first degree felonies; seven counts of rape in violation of R.C. 2907.02(A)(2)(B), first degree felonies; and two counts of violating a protective order in violation of R.C. 2919.27(A)(B)(4), third degree felonies. These charges carried potential penalties of three to ten years for the first degree felonies and from one to five years for the third degree felonies.
 {¶ 4} The State agreed to dismiss one count of aggravated burglary and one count of violation of a protective order and recommend a thirteen year prison term. In exchange, Peterson agreed to plead guilty to the remaining counts and stipulated to a sexual predator classification. On February 15, 2007, the trial court reviewed the agreement with Peterson and accepted his guilty plea. The court conducted a sentencing hearing on February 20, 2007, and Peterson requested that the court impose the thirteen year sentence. Peterson signed his acknowledgement of the court's Judgment Entry and *Page 3 
Notice of Duties to Register as an Offender of a Sexually Oriented Offense. The court imposed a thirteen year term and accepted Peterson's stipulation that he would be classified as a sexual predator.
 {¶ 5} Peterson's appellate counsel initially filed a no merit brief with this court and moved to withdraw. The State did not submit a reply brief. On April 29, 2008, this court denied the motion to withdraw because there was a non-frivolous argument regarding whether Peterson had been properly informed of the consequences of stipulating to a sexual predator classification.
 Sexual Predator Classification Procedure {¶ 6} In the first part of his sole assignment of error, Peterson argues:
 {¶ 7} "The trial court erred in classifying Appellant a sexual predator without clear and convincing evidence of specific findings under Ohio Revised Code 2950.09 to support the stipulation."
 {¶ 8} Before this court can address the merits of Peterson's argument, we must first address the State's argument that the issues raised in Peterson's brief are moot. The State now argues that the issues raised in the brief are moot because they all deal with the correctness of the trial court's labeling Peterson as a sexual predator. The State argues that a retroactive change in the law would negate Peterson's classification as a sexual predator and label him instead under a different scheme.
 {¶ 9} In 2006, the Federal government enacted a law popularly known as the Adam Walsh Act. That Act organized sex offender classifications into three tiers and gave states a strong incentive to come into compliance with its dictates. In 2007, Ohio passed Senate Bills 10 and 97 in order to comply with the Adam Walsh Act. Under this new statutory scheme, an offender's sexual offender status falls into one of three tiers, which is based solely on the crime committed. Therefore, a trial court no longer holds a hearing before classifying an offender as a particular type of sexual offender. The newly amended R.C. 2950.031 requires that the attorney general retroactively determine the new classification for each offender who had previously been required to register "no later than December 1, 2007" and notify each offender of this new classification. *Page 4 
R.C. 2950.031(A).
 {¶ 10} A moot case is one that seeks a judgment which cannot have any practical legal effect on the controversy. In re L.W.,168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, at ¶ 11. Moot cases should be dismissed because they no longer present a justiciable controversy. Id. Because R.C. 2950.09, which contained the `clearly and convincingly' standard, was repealed effective January 1, 2008, and because the retroactively-applied sexual offender classification system automatically designates a status based solely on the type of conviction, there is no longer a consideration of any clear and convincing standard of evidence within the classification. Thus the evidentiary portion of Peterson's argument is moot.
 Validity of Plea {¶ 11} Peterson argues, in the second part of his sole assignment of error:
 {¶ 12} "The trial court erred in failing to ensure Appellant's stipulation to a sexual predator classification, agreed to as part of the plea agreement, was knowingly, voluntarily and intelligently made rendering the plea void."
 {¶ 13} Peterson contends that the trial court erred when classifying him a sexual predator because his stipulation to that classification was not knowing, voluntary, and intelligent. The passage of Ohio Senate Bills 10 and 97 moots Peterson's stipulation argument as stipulations are no longer possible due to the automatic nature of the sex offender classification scheme. Regardless of the mechanism of classification, being classified as a particular type of sex offender continues to be a consequence for pleading guilty to such offenses. We must determine if an understanding of this consequence has an effect on whether a defendant's guilty plea is knowing, voluntary and intelligent.
 {¶ 14} Crim. R. 11(C)(2) requires a trial court to engage in a colloquy with the defendant when accepting a guilty plea in a felony case. A trial court need only demonstrate substantial compliance with Crim. R. 11 in regards to non-constitutional rights. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. Substantial compliance with Crim. R. 11 "means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is *Page 5 
waiving." Id. Because Peterson's assignment of error does not deal with a constitutional right, his only argument can be that the trial court did not substantially comply with Crim. R. 11.
 {¶ 15} This court has not specifically held that a trial court's explanation of the consequences of being classified as a sexual predator is mandated as part of accepting a guilty plea. However, in previous cases we have considered the trial court's explanation of these consequences to the defendant in our Crim. R. 11 substantial compliance analysis. State v. Sellers, 7th Dist No. 06-MA-192, 2008-Ohio-538
at ¶ 62, 64; State v. Gilliam, 7th Dist. No. 02 CA 783, 2004-Ohio-3195, at ¶ 25, 27; State v. Rogers, 7th Dist. No. 01 CO 5, 2002-Ohio-1150, at *4.
 {¶ 16} A growing number of districts have held that courts have no obligation whatsoever to explain the ramifications of a sex offender classification as part of accepting a guilty plea. See, e.g., State v.Dotson, 12th Dist. No. CA2007-11-025, 2008-Ohio-4965, at ¶ 28; State v.Bowens, 9th Dist. No. 22896, 2006-Ohio-4721, at ¶ 16; State v.Wheeler, 10th Dist. Nos. 03AP-832, 03AP833, 2004-Ohio-4891, at ¶ 16;State v. McGee, 8th Dist. No. 77463, 2001-Ohio-4238, at *3; State v.Drennen (Mar. 16, 2001), 6th Dist. No. H-00-007, at *1.
 {¶ 17} It would seem that the placement of so many requirements on a defendant as part of being classified as a sex offender would impel a trial court to discuss those requirements at a plea hearing. Nonetheless, we agree with the above districts that we cannot impose criminal plea requirements on the sex offender classification system. The Ohio Supreme Court has held that the sex offender classification system is civil in nature. State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, 700 N.E.2d 570. Subsequent to the passage of Ohio Senate Bills 10 and 97, the Ohio Supreme Court made it clear that the new rules continue to be civil in nature. State v. Ferguson, 120 Ohio St.3d 7,2008-Ohio-4824, 896 N.E.2d 110. Therefore, a discussion of the consequences of being classified as a sexual predator cannot be a mandatory part of the Crim. R. 11 colloquy. Peterson's understanding of such consequences did not have an effect on whether his guilty plea was knowing, intelligent, or voluntary. *Page 6 
 {¶ 18} Accordingly Peterson's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1