OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, and the parties' briefs. Appellant, Toby Tyler Milliken, appeals the decision of the Belmont County Court of Common Pleas convicting him of two counts of rape, one count of sexual battery, one count of gross sexual imposition, and sentencing him accordingly.
 {¶ 2} On appeal, Milliken first argues that the trial court erred by improperly utilizing statutory sentencing provisions held to be unconstitutional by the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. This argument is meritless. Although a review of the sentencing transcript reveals that the trial court did utilize the unconstitutional sections, specifically, R.C. 2929.14(B) and (E)(4), Milliken did not object during the sentencing hearing and thus this court may review the sentence for plain error only. The trial court did not commit plain error, because Milliken cannot show that but for the errors, his sentence would have been different.
 {¶ 3} Secondly, Milliken argues that the trial court erred when it accepted his guilty plea without advising him of the consequences of his resulting classification as a sex offender. This argument is meritless because sex offender registration, notification and residency requirements are civil remedies, not part of the punishment, and therefore the trial court was not obligated pursuant to Crim. R. 11(C)(2) to explain those consequences during the plea hearing. Accordingly, the judgment of the trial court is affirmed.
 Facts {¶ 4} On June 18, 2007, Milliken pleaded guilty to one count of rape of a child under ten years of age, a violation of R.C. 2907.02(A)(1)(b); one count of rape, a violation of R.C. 2907.02(A)(2); one count of sexual battery, a violation of 2907.03(A)(5); and, one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4). According to the Petition to Enter a Plea of Guilty, the State agreed, in exchange for the guilty plea, to recommend the following: that Milliken be sentenced to 10 years to life on R.C. 2907.02(A)(1)(b), and to 5 years on each of the remaining counts, with the two rape specifications to be served consecutively, and the sexual battery and gross sexual imposition sentences to be served concurrently for a total of 15 years to life *Page 2 
imprisonment.
 {¶ 5} On August 23, 2007, the trial court conducted a sexual predator hearing. Milliken's counsel first indicated that Milliken would stipulate to the sexual predator classification, "at least partially, because of the fact that the new law come January 1 will make this irrelevant * * *" However, the trial court nonetheless made its findings with regards to Milliken's sex offender status, and ultimately concluded there was clear and convincing evidence that Milliken was a sexual predator, pursuant to R.C. 2950.09(B), the statute in effect at that time.
 {¶ 6} On that same day, the court held the sentencing hearing and, as a result, sentenced Milliken to life imprisonment on R.C. 2907.02(A)(1)(b); 8 years on R.C. 2907(A)(2); and 5 years on the remaining two counts, with the two rape specifications to be served consecutively, and the sexual battery and gross sexual imposition sentences to be served concurrently for a minimum stated term of 18 years to life imprisonment.
 {¶ 7} Because Milliken is indigent, counsel was appointed to handle the appeal. On March 24, 2008, appellate counsel filed a no-merit brief and requested to withdraw as counsel pursuant to Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; andState v. Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304,262 N.E.2d 419. Milliken did not assign any errors pro se.
 {¶ 8} On August 20, 2008, we denied appellate counsel's motion to withdraw. A review of the appellate record revealed counsel had failed to order a transcript of the plea hearing. We found that counsel could not have conscientiously examined the case without that transcript. Accordingly, we ordered a transcript of the plea hearing and directed appellate counsel to review it and submit a new brief. We also issued a limited remand to the trial court pursuant to State v. Baker,119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. The trial court issued an amended sentencing entry that comported with Baker on August 26, 2008. On September 25, 2008, Milliken's appellate counsel filed a supplemental brief with assignments of error. The State did not respond, and consequently, pursuant to App. R. 18(C), we may accept Milliken's statement of the facts and issues as correct and reverse the judgment if his brief reasonably appears to sustain such action. *Page 3 
 Sentencing {¶ 9} In his first of two assignments of error, Milliken asserts:
 {¶ 10} "The trial court erred by improperly utilizing previously held unconstitutional and subsequently severed portions of R.C. § 2929.14(B) and (E)(3)."
 {¶ 11} Based upon the Ohio Supreme Court's recent plurality decision in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124
(O'Connor, J., plurality opinion), appellate courts now review felony sentences under a two prong test. This court adopted the Kalish
plurality analysis in State v. Johnson, 7th Dist. No. 09MA72,2008-Ohio-6206.
 {¶ 12} Under the first prong appellate courts must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Kalish at ¶ 26 (O'Connor, J., plurality opinion.) To satisfy this prong, the trial court must consider the statutory sentencing factors in R.C. 2929.11 and R.C. 2929.12, and impose a sentence that is within the statutory range for the relevant offenses. Id. at ¶ 13-15. If the sentence is not clearly and convincingly contrary to law, an appellate court must move to the second prong, where the court determines whether the trial court abused its discretion in its application of the sentencing factors and resulting sentencing determination. Id. at ¶ 17, 19-20.
 {¶ 13} Milliken's two arguments regarding his sentence both relate to the first prong of the Kalish test. First, Milliken contends that the trial court erred by improperly utilizing R.C. 2929.14(E)(3) during sentencing.
 {¶ 14} R.C. 2929.14(E)(3) provides:
 {¶ 15} "If a prison term is imposed for a violation of division (B) of section 2911.01 of the Revised Code, a violation of division (A) of section 2913.02 of the Revised Code in which the stolen property is a firearm or dangerous ordnance, or a felony violation of division (B) of section 2921.331 of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."
 {¶ 16} However, any reference to R.C. 2929.14(E)(3) during the sentencing *Page 4 
hearing was proper. The "imposition of `nondiscretionary consecutive terms' pursuant to statutes like R.C. 2929.14(E)(3) passed constitutional muster in State v. Foster." State v. Byrd, 1st Dist. No. C-050111, 2006-Ohio-1219, citing Foster at ¶ 66 and fn. 87.
 {¶ 17} After reviewing the sentencing transcript in this case, however, and in light of the fact that R.C. 2929.14(E)(3) does not apply to the offenses at issue here, it appears that the trial court misspoke during the hearing and was actually referring to R.C. 2929.14(E)(4).
 {¶ 18} R.C. 2929.14(E)(4) provides:
 {¶ 19} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 20} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 21} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 22} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 23} In the instant case, the trial court stated:
 {¶ 24} "In accord with 2929.14(E)(3), the Court finds that consecutive service, up to a minimum of 18 years, is necessary to protect the public from future crime and to punish the offender; and consecutive sentences are not disproportionate to the seriousness of *Page 5 
his conduct and the danger he poses to the public, and that the offender committed multiple rape offenses, sexual battery and gross sexual imposition offenses against children when they were ages of less than 10 years, 13 years and 14 years old. And that the offenses, combined with his previous criminal record demonstrate an escalating pattern of criminal behavior and deviant sexual behavior and that the offenses were committed based upon a relationship of stepfather and/or family friend of these children, which relationship also facilitated the offenses; and that the harm to the victims was so great that a single term does not adequately reflect the seriousness of the conduct and of this offender's criminal conduct, all of which demonstrate that consecutive sentences are necessary to protect the public from future crimes by this offender and by others."
 {¶ 25} This same analysis and language was utilized in the sentencing entry.
 {¶ 26} Thus, it appears that the trial court did utilize R.C. 2929.14(E)(4), when sentencing Milliken. In Foster, which was released over seventeen months prior to Milliken's sentencing, the Ohio Supreme Court held that R.C. 2929.14(E)(4) was unconstitutional. Foster
at ¶ 67, following Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 27} However, Milliken did not object to the trial court's use of this provision during the sentencing hearing and has therefore waived appellate review, absent plain error. As the Ohio Supreme Court held inState v. Murphy, 91 Ohio St.3d 516, 532, 2001-Ohio-112, 747 N.E.2d 765:
 {¶ 28} "The waiver rule requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review. The rule is of long standing, and it goes to the heart of an adversary system of justice.
 {¶ 29} "Even constitutional rights `may be lost as finally as any others by a failure to assert them at the proper time.' State v.Childs (1968), 14 Ohio St.2d 56, 62, 43 O.O.2d 119, 123, 236 N.E.2d 545,549. Accord State v. Williams (1977), 51 Ohio St.2d 112, 116-118, 5 O.O.3d 98, 100-101, 364 N.E.2d 1364, 1367-1368." Id. at 532.
 {¶ 30} The Criminal Rules of Procedure do carve out one narrow objection exception to the contemporaneous-objection requirement. Crim. R. 52(B) provides: "[p]lain errors or defects affecting substantial rights may be noticed although they were *Page 6 
not brought to the attention of the court." This rule places three limitations on our ability to recognize plain error: (1) there must be a deviation from a legal rule; (2) the error must be an obvious defect in the trial proceedings; and, (3) the error must have affected the outcome of the trial. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-0068,759 N.E.2d 1240. Even if an error is plain, we are not obligated to correct that error as the decision to correct plain error is discretionary. Id. Importantly, plain error only need be corrected "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus. Applying this rule to the instant case, we may reverse Milliken's sentence only if it is clear that sentence would not have been the same had the error not occurred.
 {¶ 31} The trial court's imposition of consecutive sentences for the two rape counts would have occurred even if the court had not utilized R.C. 2929.14(E)(4). The plea agreement in this case specified that the rape counts would be served consecutively. The trial court kept with this agreement during sentencing. Milliken was not prejudiced by the error. Thus, there is no plain error with regards to the trial court's use of R.C. 2929.14(E)(4).
 {¶ 32} Second, Milliken argues that the trial court erred by utilizing R.C. 2929.14(B) during the sentencing. Here, the trial court stated:
 {¶ 33} "The Court specifically finds that defendant is an offender who has not previously served in [sic] time in prison for criminal offenses. However, in accord with 2929.14(B), the Court will impose a longer term for these offenses."
 {¶ 34} R.C. 2929.14(B) states:
 {¶ 35} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), (G), or (L) of this section, in section 2907.02 or2907.05 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 36} (1) The offender was serving a prison term at the time of the offense, or the *Page 7 
offender previously had served a prison term.
 {¶ 37} (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 38} Presumably then, since the trial court found that Milliken had not previously served time in prison, by referring to R.C. 2929.14(B) the trial court found that imposing the shortest prison term would demean the seriousness of Milliken's conduct or would inadequately protect the public from future crime by Milliken or others.
 {¶ 39} In Foster, the Ohio Supreme Court held that R.C. 2929.14(B) was unconstitutional. Foster at ¶ 61. However, again, Milliken did not object to this during sentencing and thus we review for plain error only. Murphy, 91 Ohio St.3d at 532.
 {¶ 40} The trial court did not commit plain error in this instance. The court adhered to the sentence recommended in the plea agreement, with the exception of that recommended for the R.C. 2907.02(A)(2) rape count. The State had recommended five years for that count and the trial court sentenced Milliken to eight years. In making this decision, the trial court considered a variety of other permissible factors, including the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. Milliken cannot show that but for the trial court's use of R.C. 2929.14(B) he would have received a more lenient sentence.
 {¶ 41} In sum, we find no plain error with regards to the court's use of R.C. 2929.14(E)(4) and 2929.14(B) during sentencing. Further, Milliken's sentence was within the statutory range for the offenses at issue, and the trial court mentioned it had considered the R.C. 2929.11
and 2929.12 factors. Accordingly, pursuant to Kalish, we cannot find that the sentence was clearly and convincingly contrary to law.
 {¶ 42} Moving on to the second Kalish prong, we do not find that Milliken's sentence constituted an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.
 {¶ 43} In this case, when sentencing Milliken the trial court indicated it considered: *Page 8 
 {¶ 44} "the record, the oral statements; the Belmont County Criminal Incident Report; the Presentence Report; the record of the proceedings, including the testimony and evidence admitted today; the NCIC report; criminal history report; the Victim Impact Statement and the purposes and principles of sentencing under 2929.11; and the seriousness and recidivism factors relevant to the offense and this offender, pursuant to 2929.12; and the need for deterrence, incapacitation, rehabilitation and restitution."
 {¶ 45} Based on a review of the above, we do not find that the trial court's sentence was unreasonable, arbitrary or unconscionable. Milliken's crimes involved repeated sexual offenses against young children. The court found that several of the R.C. 2929.12(B) and (D) factors indicated that the crimes were more serious and that recidivism was likely, namely: the young age of the victims and the psychological and emotional harm they suffered; that Milliken used his relationship as a step-parent and family friend to facilitate the offenses; and that Milliken lacked genuine remorse and failed to fully understand and appreciate the seriousness of his pattern of sexual relationships with the victims. The court also noted that Milliken had a prior criminal conviction and therefore had not responded favorably to previous criminal sanctions. The court looked to the guidance provided by R.C. 2929.12(C) and (E) and determined that no additional factors were present that would make the crime less serious or recidivism less likely. However, the court also considered Milliken's letters of apology to the victims, and the fact that Milliken had turned himself in to police and confessed to the crimes.
 {¶ 46} Finally, the court considered the sentencing hearing testimony of Linda Hackney, who is Milliken's former wife and also the mother of one of the victims. Hackney stated that Milliken's crimes had "torn [her] family completely apart," and that "lives had been destroyed." The victims and their families also submitted letters detailing the trauma they experienced as a result of the abuse perpetrated by Milliken.
 {¶ 47} Based on the foregoing, we do not find that the sentence chosen by the trial court constituted an abuse of discretion. In fact, the sentence imposed deviated only slightly from that which was recommended by the State pursuant to the plea agreement.
 {¶ 48} Accordingly, we find Milliken's sentence was neither clearly and convincingly contrary to law, nor an abuse of discretion. Milliken's first assignment of error is meritless. *Page 9 
 Plea {¶ 49} In his second assignment of error, Milliken asserts:
 {¶ 50} "The trial court erred when it accepted the Defendant's plea of guilty when it did not advise defendant of the effects of such a plea."
 {¶ 51} `More specifically, Milliken argues here that his plea was not knowing, intelligent and voluntary and therefore did not conform to Crim. R. 11(C)(2) because the trial court did not explain to him during the plea colloquy the consequences of pleading guilty to a sex offense, i.e., that Milliken would be subject to the sex offender registration, notification and residency restrictions pursuant to R.C. Chapter 2950.
 {¶ 52} However, Milliken cites no case law in support of this contention. In fact, we have recently held that "a discussion of the consequences being classified as a sexual predator cannot be a mandatory part of the Crim. R. 11 colloquy." State v. Peterson, 7th Dist. No. 07MA59, 2008-Ohio-6636, at ¶ 17. Accord State v. Dotson, 12th Dist. No. CA2007-11-025, 2008-Ohio-4965, at ¶ 28; State v. Bowens, 9th Dist. No. 22896, 2006-Ohio-4721, at ¶ 16; State v. Cupp, 2d Dist. No. 21176, 21348, 2006-Ohio-1808 at ¶ 13; State v. McGee, 8th Dist. No. 77463, 2001-Ohio-4238, at 3; State v. Drennen (Mar. 16, 2001), 6th Dist. No. H-00-007, at 1.
 {¶ 53} The rationale behind these holdings is that the requirements imposed upon sex offenders pursuant to R.C. Chapter 2950 are civil and remedial in nature — not criminal or punitive. See State v.Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110; State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264; State v.Cook, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570.
 {¶ 54} Since a discussion of the civil consequences of pleading guilty to a sex offense is not a mandatory part of the Crim. R. 11 colloquy, Milliken's second assignment of error is meritless.
 Conclusion {¶ 55} Both of Milliken's assignments of error are meritless. The trial court did not commit plain error by utilizing R.C. 2929.14(B) and2929.14(E)(4) during sentencing. Milliken cannot show that but for those errors, his sentence would have been different. Further, the trial court did not err by failing to inform Milliken about the consequences of *Page 10 
pleading guilty to a sex offense. Sex offender registration, notification and residency requirements are civil remedies, not part of the punishment, and therefore the court was not obligated pursuant to Crim. R. 11(C)(2) to explain those requirements during the plea hearing. According, the judgment of the trial court is hereby affirmed.
Vukovich, P.J., concurs.
Donofrio, J., concurs. *Page 1