DECISION AND JUDGMENT
{¶ 1} Appellant, Joseph Strong, appeals his conviction and sentence in the above-captioned case. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On April 19, 2007, appellant was indicted by the Wood County Grand Jury in a two-count indictment. The first count charged him with one count of gross sexual imposition, a felony of the fourth degree, and the second count charged him with kidnapping, a felony of the first degree. At arraignment, held on May 4, 2007, appellant entered a plea of not guilty.
 {¶ 3} A change of plea hearing was held on November 1, 2007. The state amended the second count of the indictment to reflect the charge of abduction, a felony of the third degree. Appellant then waived his right to a trial by jury and signed the petition to plead guilty to the amended charge and the charge of gross sexual imposition. The trial court informed appellant of the consequences of his plea of guilty and reviewed with him the plea agreement and waiver of jury trial form. Appellant stated that he understood all of the terms of his plea, including the maximum penalties.
 {¶ 4} The state, when asked what its evidence would have shown had the case gone to trial, responded as follows:
 {¶ 5} "Your Honor, had this case proceeded to trial, the State would have called the necessary witnesses, including the victim in this matter, who would have testified that on or about February 18, 2007, at 215 Palmer Street, Bowling Green, Wood County, Ohio, she was over at a friend's residence visiting where the Defendant was present.
 {¶ 6} "During the course of her visit to the residence, the Defendant picked her up and carried her into a bedroom. While in the bedroom with the Defendant and other individuals who were present, or who were present at the residence that evening, there *Page 3 
were [sic] sexual talk going on. At some point the Defendant left the room and grabbed the victim's car keys and proceeded to tell the victim he wasn't giving her anything for nothing, and asking her to perform sexual favors on him. During the course of that, he proceeded against the victim's wishes to pull up her shirt and remove her bra and suck on her breasts. During that time he had pushed her back on the bed and continued to tell her she was not getting her keys back until she performed sexual favors on him. At some point during the evening he eventually masturbated himself and ejaculated on her stomach.
 {¶ 7} "The victim did report this incident and did proceed to go to Wood County Hospital where she underwent a rape exam, and the rape kit was collected, including a belly button ring she had, and sent to BCI for analysis.
 {¶ 8} "Later that evening on February 18th, the Defendant was questioned by Detective Scott Kleiber from the Bowling Green Police Department. When confronted with the victim's versions of the event, he denied everything. And when Detective Kleiber collected DNA evidence, the explanation was he had given the victim a hug during the evening that night and he had a hairy chest. If DNA was present when the rape kit was performed from the hair on his chest, it may have gotten on her during the course of that hug.
 {¶ 9} "The analysis of the rape kit at BCI did prove there was semen present on the victim's abdomen area and belly button ring, and also amylase, a component of saliva, on the swab taken on the breast area due to the indication the victim gave to the SANE *Page 4 
nurse that the Defendant had sucked on her breasts. The DNA analysis on that did come back from the Defendant."
 {¶ 10} Following this recitation of the evidence by the state, the trial court asked appellant's counsel, "[B]ased upon that discovery and your discovery and your conversations with your client, does he contest Count 1 as charged and Count 2 as amended?" Appellant's counsel answered, "No, Your Honor. Had this case proceeded to trial, we believe there is evidence to sustain a conviction."
 {¶ 11} The court then asked appellant, "Mr. Strong, is that what happened?" Appellant answered, "Yes, Your Honor."
 {¶ 12} Appellant indicated that he was satisfied with his attorney in this case, after which the trial court accepted appellant's plea of guilty. The trial court specifically found that the plea was entered knowingly, voluntarily, and intelligently.
 {¶ 13} The trial ordered a presentence investigation, and a sentencing hearing was set for December 21, 2007.
 {¶ 14} On December 7, 2007, appellant filed a motion to withdraw his guilty plea. As grounds for this motion, appellant argued:
 {¶ 15} "At the time of his plea the defendant was still apprehensive about entering the plea and continued to have numerous questions for counsel subsequent to the plea. From day one the defendant has maintained his innocence to the charges against him and that has never changed nor has his version differed. Subsequent to the plea, the defendant raised some issues that counsel did not explore and thus the defendant entered *Page 5 
his plea not completely aware of possible defenses he may have or theories to his case. Counsel did not contact certain witnesses that may be helpful to the defendant's case and without that information the defendant cannot make an informed decision."
 {¶ 16} On December 17, 2007, the state filed an objection to appellant's motion. On December 20, 2007, the trial court held a hearing on the motion and heard arguments from both counsel. In addition the sentencing date was ordered continued until January 11, 2008, in order to allow appellant's counsel time to contact additional witnesses so that he might evaluate the claims underlying appellant's motion to withdraw his guilty plea.
 {¶ 17} On January 11, 2008, appellant's counsel was permitted to speak in support of the motion. He stated that he had attempted to reach the victim in this case, but that he was ultimately unsuccessful. He also stated that he had tried to contact one Michael Garrett, who had been a fellow inmate of appellant at the justice center. According to appellant's counsel, appellant had told him that Garrett "had some information apparently which was new to the case," and that Garrett "had heard some stories" that would be "relevant" if the case were to proceed to trial. Again, appellant's counsel was unable to reach this alleged witness.
 {¶ 18} Finally, appellant's counsel stated that he was able to contact a third witness, Scott Cole, and that Cole's statement to him was inconsistent with a previous statement that Cole had provided back in June 2007. Specifically, there were inconsistencies in the number of times the victim was alleged to have pushed appellant away from her. *Page 6 
 {¶ 19} The state responded that it had found similar inconsistencies as between Cole's statements of February 18 and June 2007, and that, as a result of those findings, Detective Kleiber of the Bowling Green Police Department was sent out to re-interview Cole. Following that interview with Cole, Kleiber determined that although there were inconsistencies in the number of times the victim was alleged to have pushed appellant away from her, those inconsistencies were most likely due to Cole's "level of functioning" or faulty memory, and not to Cole's having intentionally changed his story.
 {¶ 20} After hearing from counsel for appellant and the state, the trial court denied appellant's motion to withdraw, and proceeded to the matter of appellant's sex offender classification. Noting that appellant had pleaded guilty to a sexually oriented offense, the trial court classified appellant as a Tier 1 sex offender and advised him of his attendant responsibilities.
 {¶ 21} After considering the record, all oral and written statements, the presentence investigation report, and the victim impact statement, together with the purposes of felony sentencing, as set forth in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12, the trial court sentenced appellant to 17 months in prison for the charge of gross sexual imposition, and five years in prison for the charge of abduction. The sentences were ordered to be served concurrently.
 {¶ 22} Appellant timely filed an appeal, raising the following assignments of error: *Page 7 
 {¶ 23} I. "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION TO WITHDRAW GUILTY PLEA."
 {¶ 24} II. "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE CONSTITUTION OF THE STATE OF OHIO."
 {¶ 25} III. "APPELLANT'S MAXIMUM SENTENCE FOR ABDUCTION WS NOT WARRANTED UNDER THE CIRCUMSTANCES, AND THE TRIAL COURT ABUSED ITS DISCRETION BY SO SENTENCING APPELLANT."
 {¶ 26} Appellant argues in his first assignment of error that the trial court abused its discretion and erred to the prejudice of appellant by denying his motion to withdraw guilty plea.
 {¶ 27} Crim. R. 32.1 permits a defendant to file a motion to withdraw a guilty plea prior to sentencing. Although the general rule is that a presentence motion to withdraw a guilty plea is to be freely and liberally granted, because a defendant has no right to withdraw his or her guilty plea, the final decision is within the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521, 526. In making its determination of whether to allow a presentence withdrawal of a guilty plea, the trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the *Page 8 
withdrawal of the plea." Id. at 527. The trial court's ruling on the matter will be reversed only if it is found to be unreasonable, arbitrary, or unconscionable. Id.
 {¶ 28} In reviewing a trial court's decision regarding a motion to withdraw a plea, we consider a non-exhaustive list of factors, including:
 {¶ 29} "(1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim. R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime." State v. Phillips, 6th Dist. No. WD-06-018, 2007-Ohio-2671, ¶ 15.
 {¶ 30} With regard to the first factor, appellant claims that the state has failed to show that the prosecution would be prejudiced if the plea were to be vacated. According to the state, the prosecution would suffer prejudice, because: (1) it would have to reassemble witnesses to testify at appellant's trial "at such a late date"; (2) the victim would have to testify, despite having once thought that she would not have to face her attacker in court on the witness stand; and (3) other witnesses likely would not remember the details of the night in question as they once did. As an example of the third problem, *Page 9 
the state points to the inconsistencies contained in the statements of witness Scott Cole. As indicated above, Detective Kleiber attributed those inconsistencies to memory loss.
 {¶ 31} Upon consideration of these matters, we find that there would be prejudice to the prosecution's case if appellant were allowed to withdraw his guilty plea.
 {¶ 32} Looking to the second factor, appellant argues that his trial counsel was ineffective for failing to fully investigate appellant's case prior to appellant's entering the plea. We note that evaluation of this factor involves the same facts and analysis that are involved in a review appellant's second assignment of error, asserting ineffective assistance of counsel. Accordingly, our determination with respect to this factor will likewise determine the outcome of appellant's second assignment of error.
 {¶ 33} A defendant arguing that he should be allowed to withdraw a guilty plea due to the ineffective assistance of counsel must show that the alleged ineffective assistance precluded the defendant from entering a knowing and voluntary plea. State v. Doak, 7th Dist. Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 54-55.
 {¶ 34} In the instant case, appellant supports his claim of ineffective assistance by referring to the motion to withdraw guilty plea that was filed by his trial counsel, wherein his trial counsel stated that "subsequent to the plea" appellant "raised some issues that counsel did not explore and thus [appellant] entered his plea not completely aware of possible defenses he may have [had] or theories to his case." Counsel went on to state that he did not contact certain witnesses that may have been helpful to appellant's case, and that, without that information, appellant could not have made an informed decision. *Page 10 
 {¶ 35} We note, in our consideration of appellant's argument, that following the filing of the motion to withdraw guilty plea, the trial court continued appellant's sentencing hearing so that appellant's trial counsel could contact additional witnesses in order to investigate the claims underlying appellant's motion.
 {¶ 36} At the subsequent hearing on the motion to withdraw guilty plea, appellant's trial counsel asserted that he had attempted to contact several witnesses, but was only able to reach witness Cole. Regarding his contact with Cole, appellant's trial counsel specified to the court certain inconsistencies (as discussed above) that he had found as between two of Cole's statements.
 {¶ 37} Taking all of the foregoing into consideration, we find that the record demonstrates that appellant's trial counsel made substantial efforts on behalf of his client, both in bringing appellant's post-guilty-plea claims to the attention of the trial court and, later, in investigating those claims. Those efforts, although arguably not entirely successful, are not evidence of ineffectiveness.
 {¶ 38} Accordingly, we find that appellant has failed to meet his burden of demonstrating that his trial counsel was ineffective and that his trial counsel's actions affected whether his plea was knowing and voluntary. Such is our finding both with respect to the second factor in our analysis of the motion to withdraw guilty plea and with respect to appellant's second assignment of error, which, as a result of this finding, is found not well-taken. *Page 11 
 {¶ 39} The third factor addresses the question of whether appellant was given a full Crim. R. 11 hearing. Crim. R. 11(C) requires a trial court to determine whether a defendant's plea of guilty is knowing, intelligent, and voluntary. State v. Phillips, supra, at ¶ 20. The record in this case clearly shows that the trial court conducted a full Crim. R. 11 hearing.
 {¶ 40} Arguing against this conclusion, appellant argues that his plea did not conform to Crim. R. 11(C), because the trial court did not explain to him during the plea colloquy that he would be subject to sex offender registration requirements pursuant to R.C. Chapter 2950.[1]
 {¶ 41} Appellant does not cite, and this court's research does not reveal, any authority to support appellant's position that a discussion of the of R.C. Chapter 2950 registration requirements is a mandatory part of the Crim. R. 11 colloquy. Quite the contrary, it has recently been held that "a discussion of the consequences of being classified as a sexual predator cannot be a mandatory part of the Crim. R. colloquy."State v. Milliken, 7th Dist. No. 07 BE 37, 2009-Ohio-1019, ¶ 52, quotingState v. Peterson, 7th Dist. No. 07MA59, 2008-Ohio-6636, at ¶ 17. The rationale behind this holding is that the requirements imposed upon sex offenders pursuant to R.C. Chapter 2950 are civil and remedial in nature, and not criminal or punitive. Id. Appellant's argument to the contrary is found to be without merit. *Page 12 
 {¶ 42} With respect to the fourth and fifth factors, we conclude that the record demonstrates that appellant received a full and impartial hearing on his motion to withdraw his guilty plea.
 {¶ 43} Regarding the sixth and seventh factors, there is no dispute that appellant's motion was made within a reasonable time and that it set forth specific reasons in support of the withdrawal.
 {¶ 44} As to the eighth factor, we have already determined that appellant had a full Crim. R. 11 hearing. At the hearing, appellant expressly indicated that he understood the nature of the charges and the possible penalties he faced. As indicated above, a discussion of the civil consequences of pleading guilty to a sex offense is not a mandatory part of the Crim. R. 11 colloquy. State v. Milliken, supra, at ¶ 52.
 {¶ 45} Finally, the ninth factor involves the issue of whether appellant was perhaps not guilty or had a complete defense to the charges. While appellant initially argued that he was innocent, subsequent statements by appellant — not just at his plea hearing, but also as set forth in his presentence investigation report and as made to the trial court at sentencing — indicated otherwise.
 {¶ 46} Regarding any possible defense to the crime, nothing was offered to the trial court except the argument that appellant had found a new witness, in the form of fellow inmate Michael Garrett, whose testimony would be "relevant" if the case were to proceed to trial. Garrett's information regarding this case is not substantiated and, *Page 13 
presumably, is nothing more than jail talk between two inmates. Without more evidence, the trial court could not speculate as to any new information Garrett could have provided.
 {¶ 47} Upon reviewing all of the above factors, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Appellant's first assignment of error is found not well-taken.
 {¶ 48} Appellant argues in his third assignment of error that the trial court abused its discretion in imposing upon appellant the maximum sentence for the offense of abduction.
 {¶ 49} After the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "trial courts now have full discretion to impose sentences within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive or greater-than-minimum sentences." State v. Harris, 6th Dist. No. F-06-015, 2007-Ohio-1196, ¶ 15. A trial court, in exercising its discretion, is merely required to "consider" the purposes of sentencing set forth in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12. State v. Hade, 6th Dist. No. OT-07-037, 2008-Ohio-1859, ¶ 6.
 {¶ 50} The statutory range for the charge of abduction, a felony of the third degree, is one, two, three, four, or five years imprisonment.
 {¶ 51} In the instant case, the court expressly stated in its judgment entry that, in crafting appellant's sentence, it had considered the record, all oral and written statements, the presentence investigation report, and the victim impact statement, together with the *Page 14 
purposes and principles of sentencing, as set forth in R.C. 2929.11, and the statutory guidelines and factors set forth in R.C. 2929.12. The presentence investigation report reveals that appellant has history of criminal convictions and a prior adjudication as a delinquent child. In addition, a risk assessment report revealed that appellant is estimated to have a 50 percent chance of re-offending. The court, in reaching its sentence, found that appellant had not been rehabilitated by his prior contacts with the juvenile detention system or the adult criminal system.
 {¶ 52} Appellant argues that the trial court erred in reaching its sentence, when it relied on irrelevant and impermissible facts, namely: (1) that appellant's brother had been adjudicated a sexual predator; and (2) that appellant himself had allegedly attempted to solicit sex from a minor female while released on an own-recognizance bond during the pendency of this case.
 {¶ 53} Our review of the record reveals that the comment about appellant's brother was made in passing, and did not appear to impact appellant's sentence. Specifically, the court stated:
 {¶ 54} "Had we still been under the old sexual offender classification[,] the Court believes that all the evidence I have would have easily identified you as a sexual predator. And it's my understanding that your brother also has been classified as a sexual predator and done eight years in prison. Disturbing, something obviously very serious has happen[ed] within your family unit that caused you to be here on your third felony offense as I believe a sexual predator as well as your brother. The risk assessment *Page 15 
indicates that basically there is a 50 percent chance you'll commit future crimes, and that's a risk that is too large to take for the community."
 {¶ 55} Regarding appellant's alleged attempt to solicit sex from a minor during the pendency of the case, the trial court stated:
 {¶ 56} "Subsequent to [the court's granting appellant an OR bond, with the specific order that appellant have no contact with minors] it was brought to the Court's attention that you had been chatting with what you believed to be a 15-year-old and that was of a sexual nature on the Internet in the form of a sting by law enforcement. So when you stand before the Court and tell me that you're concerned about your family or you're concerned about the example you set for your children, those factors were all present at that time, and at the time that you committed these offenses[,] so any residual impact upon your family is your doing, Mr. Strong, not whatever the Court does today."
 {¶ 57} We note that "[a] court may consider a defendant's unindicted acts or not guilty verdicts in sentencing without resulting in error when they are not the sole basis for the sentence." State v. Hruby, 6th Dist. No. OT-04-026, 2005-Ohio-3863, ¶ 77. Appellant's as-yet-unindicted activity in connection with the 15-year-old was clearly not the sole basis for the imposition of appellant's sentence; therefore, appellant's argument regarding the trial court's mention of that event is without merit.
 {¶ 58} On the basis of the foregoing, we conclude that the trial court did not abuse its discretion in sentencing appellant to the maximum term for the offense of abduction. Appellant's third assignment of error is found not well-taken. *Page 16 
 {¶ 59} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR.
[1] We note that appellant was informed at his change of plea hearing that, upon the acceptance of his guilty plea, he would have a classification hearing to determine his sex offender status. *Page 1