[Cite as *State v. Peterson*, 2014-Ohio-804.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 07 MA 59 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| BOBBIE PETERSON, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Application for Reopening,
                                   Criminal Appeal from Common Pleas
                                   Court, Case No. 05 CR 339.


JUDGMENT:                          Application Denied.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Paul J. Gains
                                   Prosecuting Attorney
                                   Attorney Ralph Rivera
                                   Asst. Prosecuting Attorney
                                   21 W. Boardman St., 6th Fl.
                                   Youngstown, OH  44503


For Defendant-Appellant:           Bobbie Peterson, Pro-se
                                   #A 522955
                                   Madison Correctional Inst.
                                   P.O. Box 740
                                   London, OH  43140


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


                                   Dated: February 13, 2014

PER CURIAM:

{¶1}  Appellant Bobbie Peterson, acting pro-se, has filed a delayed application to reopen his appeal based upon a claim of ineffective assistance of appellate counsel pursuant to App. R. 26(B).  Because Peterson has failed to demonstrate good cause for the untimeliness of the application, it is denied.

{¶2}  On February 15, 2007, Peterson pled guilty to kidnapping, multiple counts of rape, aggravated burglary and violation of a protection order.  Following a sentencing hearing, on February 27, 2007, the court imposed a thirteen year term of incarceration and accepted Peterson's stipulation that he would be classified as a sexual predator.

{¶3}  Peterson's appellate counsel initially filed a no merit brief with this court and moved to withdraw.  On April 29, 2008, this court denied the motion because there was a non-frivolous argument regarding whether Peterson had been properly informed of the consequences of stipulating to a sexual predator classification.  Ultimately this court determined that the consequences of Peterson's classification as a sexual predator were not a mandatory part of the plea colloquy and whether his classification was supported by clear and convincing evidence was moot.  In *State v. Peterson*, 7th Dist. No. 07 MA 59, 2008-Ohio-6636, this court upheld his convictions.  Peterson did not appeal this decision to the Ohio Supreme Court.

{¶4}  On January 2, 2014, Peterson filed an application for delayed reopening pursuant to App.R. 26(B).  The State filed a response on January 7, 2014.

{¶5}  App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel by reopening the appeal.  However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."  The opinion in his direct appeal was journalized on December 10, 2008.  Peterson filed his application for reopening almost five years after the ninety days expired.  Thus, we can only review the merits of Peterson's application if he can establish good cause for his untimely filing.

{¶6}  Peterson summarily contends that he failed to file the application due to

counsel's "inadequate performance" which "compromised the appeal". However, Peterson's application specifies no reason for the delay. In the section entitled "Showing of Good Cause for Untimely Filing" Peterson alleges that he did not know about the law of allied offenses.

{¶7} This does not constitute good cause for the untimeliness of the present application. The fact that Peterson was incarcerated or untrained in the law does not establish good cause. *See State v. Dew,* 7th Dist. No. 08 MA 62, 2012-Ohio-434, ¶8; *State v. Ramirez,* 8th Dist. No. 78364, 2005-Ohio-378, ¶4.

{¶8} Because Peterson has failed to establish good cause for the delay in filing for reopening his appeal, the merits cannot be addressed and his application for reopening is denied.

_____
JUDGE MARY DeGENARO

_____
JUDGE JOSEPH J. VUKOVICH

_____
JUDGE CHERYL L. WAITE